**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BYRON HOLTON, JR.,**

       **Petitioner,**

  v.                                    **CASE NO. 2:18-CV-01489
JUDGE GEORGE C. SMITH
Chief Magistrate Judge Deavers**

**STATE OF OHIO,**

       **Respondent.**

### OPINION AND ORDER

On April 11, 2019, the Magistrate Judge issued a Report and Recommendation recommending that the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 9). Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 12). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection (ECF No. 12) is **OVERRULED**. The Report and Recommendation (ECF No. 9) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his December 12, 2016, convictions after a jury trial in the Logan County Court of Common Pleas on charges of corrupting another with drugs, and complicity in trafficking in cocaine. He asserts five claims for relief. The Magistrate Judge recommended dismissal of those claims for failure to comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, and as procedurally defaulted. Petitioner objects to those recommendations. Petitioner argues that the state court's evidentiary ruling denied him due process, that the record establishes judicial bias, and that he was denied a fair trial because

the trial court failed to issue a jury instruction on the testimony of accomplices.  Petitioner further argues that the denial of the effective assistance of counsel constitutes cause for any procedural default, and that he was denied a fair trial based on cumulative error.

However, Petitioner waived his claims by failing to object at the time of trial, or failing to present his claims to the Ohio Supreme Court.  The denial of the effective assistance of counsel cannot constitute cause for his procedural defaults, because he has likewise procedurally defaulted that claim.  *See Johnson v. Turner*, No. 2:14-cv-01908, 2017 WL 2633188, at *2 (S.D. Ohio June 19, 2017) (In order to constitute cause, an ineffective assistance of counsel claim must be both exhausted and not procedurally defaulted.) (citing *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005)).

For the foregoing reasons and for the reasons discussed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection, ECF No. 12, is **OVERRULED**.  The Report and Recommendation, ECF No. 9, is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability.  "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, –––U.S. –––. –––, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a

petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

This Court is not persuaded that reasonable jurists would debate this Court's dismissal of this action. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed in forma pauperis on appeal should be **DENIED**.

**IT IS SO ORDERED.**

 *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**